No. 86-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
JEAN A. REID,

        Petitioner and Appellant,
  and

FRANK M. REID,

        Respondent and Respondent.

_____

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Deirdre Caughlan, Butte, Montana

    For Respondent:

        Robert P. McGee, Butte, Montana

_____

Submitted on Briefs: Feb. 5, 1987

Decided: March 12, 1987

Filed: MAR 12 1987

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Jean A. Holland, formerly Jean A. Reid (wife), appeals the findings of fact, conclusions of law and judgment of the Second Judicial District Court distributing marital property and awarding her maintenance. We affirm.

The parties were originally married in 1953. That marriage was dissolved in 1979. Two months later the Reids remarried. The second marriage ended in 1986, when husband moved to Spokane. He was previously employed as a construction worker. Husband, who was 65 at the time of the hearing, is now retired. He has a pension fund with James Gilam and Company in the approximate amount of $25,000. He also receives a monthly pension of $567 from Teamsters and Social Security monthly payments of $600.

Wife was 53 years of age at the time of the hearing. She was not employed outside the home during her married life. She worked as a homemaker and reared the parties' four children. She was trained in typing at the vocational school in Butte, Montana, and was employed as a food demonstrator at a grocery store for two days. The trial judge awarded wife maintenance payments of $350 a month for five years.

Finding of Fact VII.

> That the Petitioner has no health problems, has obtained additional training through the vocational school at Butte, Montana and had worked within one week of the hearing on this matter. That she is therefore capable of retraining and returning to the work force, and to assist her should have the sum of Three Hundred Fifty and No/100 ($350.00) Dollars per month for the period of five (5) years for the purposes of retraining for employment.

The parties jointly own a home in Butte. Wife, based on 1986 tax appraisals, values the house at $25,000. Husband

2

contends it is worth $50,000. Wife requested that she be awarded the house. The trial judge ordered that it be reappraised and sold, with each party receiving one-half of the proceeds.

Other assets include an account at the Montana Bank of Butte in husband's name totalling $5,650; accounts at the Safeway Credit Union in wife's name totalling $11,092.40; a car worth approximately $500; $1,000 in household furnishings; and an IRA valued at approximately $1,100. The funds in wife's credit union account originated from the wife's award of one-half the marital property at the time of the first dissolution. Husband's half has been dissipated, but it is unclear when or on what the money was spent.

The trial judge determined that all marital assets be liquidated and that the proceeds, together with all cash accounts, be divided equally between the parties. Wife appeals, raising three issues:

1. Did the trial judge err in ordering the residence of the parties sold and in not awarding its use and occupancy to wife?

2. Did the trial judge err in including in the marital estate the savings retained by wife from the first dissolution and in awarding husband one-half thereof?

3. Did the trial judge disregard wife's present needs and future employability when determining her maintenance award to be $350 a month for five years?

We find no error. Absent a clear abuse of discretion by the trial judge, this Court will overturn neither the distribution of marital property nor an award of maintenance. Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205.

Section 40-4-202, MCA, governs the distribution of marital property. It sets forth numerous factors to be considered:

3

Division of property. (1) In a proceeding for dissolution of a marriage . . . the court, without regard to marital misconduct, shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired prior to the marriage . . . the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of this property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.

Section 40-4-203, MCA, controls the awarding of maintenance. It states:

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:
(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . .;
(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
(c) the standard of living established during the marriage;
(d) the duration of the marriage;
(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

4

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The lower court judge need not articulate each factor separately as long as the findings are sufficient to allow non-speculative review by this Court. In re the Marriage of Larson (1982), 200 Mont. 134, 139, 649 P.2d 1351, 1354.

Our ultimate test for adequacy of findings of fact is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and whether they are supported by the evidence presented.

In re the Marriage of Jensen (1981), 631 P.2d 700, 703, 38 St.Rep. 1109, 1113.

Upon review, it is apparent that the trial judge attempted to distribute the property equitably and to support his distribution with adequate findings. He divided the marital estate, less husband's monthly pension and Social Security benefits, equally between the parties. He acknowledged wife's lack of employment training by providing maintenance payments for five years. He further recognized, by reducing wife's $600 request for maintenance to $350, that although wife's ability to earn income in the future was slight, it was better than that of husband, who was retired and apparently ill. Testimony at trial indicated that husband would be undergoing surgery in the near future.

The trial judge also has considerable discretion in determining how to distribute property acquired prior to the marriage. It may be equitably apportioned between the parties with no regard to title or time of acquisition. The only requirement is that the court consider the contributions to the marriage of the spouse who did not acquire the property. In re the Marriage of Lewis (1982), 198 Mont. 51, 643 P.2d 604. We find no abuse of discretion in the trial

judge's decision to divide wife's remaining proceeds from the first dissolution equally with husband upon the second dissolution. Husband was, afterall, the sole source of marital income.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices