No. 87-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
CHARLES R. ANDERSON,

        Petitioner and Respondent,

    AND

LINDA L. ANDERSON,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mulroney, Delaney & Scott; P. Mars Scott, Missoula,
Montana

    For Respondent:

        Mark A. Vucurovich, Butte, Montana

---

Submitted on Briefs:  Sept. 25, 1987

Decided:  January 8, 1988

Filed:  3-1988

_____
             Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This case concerns a marriage dissolution. The issues on appeal concern the distribution of the marital estate, maintenance, and child support. We affirm issues 1, 3 and 4 and reverse issue 2.

The District Court of the Second Judicial District entered its final decree on February 13, 1987. The wife, Linda L. Anderson, received property valued at $120,222.00, the husband, Charles R. Anderson (Rick), received property worth $108,724.00. Rick was given responsibility for $83,146.00 of the marital debts, Linda was given responsibility for $30,000. Rick was ordered to pay $350 a month per child for child support. In addition, he is primarily responsible for medical and dental services for the children and must keep them as beneficiaries of existing life insurance policies.

Linda presents these issues for review:

(1) Did the District Court err by refusing to award rehabilitative maintenance to the wife?

(2) Did the District Court err in setting child support payments at $700.00 a month rather than $900.00 as requested by the wife?

(3) Did the District Court err in inventorying, valuing and distributing the marital estate in the following particulars:

(a) the valuation of the clothing store "Linda's" and ordering Linda to be solely responsible for its debts?

(b) failing to identify the cash value of life insurance policies in the division of marital property?

(c) not ordering the Georgetown Lake property sold and the proceeds split between the parties?

(d)   valuing the Bayard Street property?

(4)   Did the District Court err in refusing to award attorney fees and costs to Linda?

ISSUE I

The parties were married on September 13, 1969.   Two children were born of the marriage, both are minors.   The son is 16 years old and the daughter is 15 years of age.   The parties have stipulated to joint custody of the children, with Linda as the primary custodian.   Rick received a law degree from the University of Montana.   He is currently a partner in a law firm.   His earnings in 1986 were $117,000, including bonuses.   Linda has a high school education and is currently living in Seattle where she is employed by Nordstroms part time as a salesclerk earning $7,824.00 annually.

During the marriage and while Rick was in school both parties were employed outside the home in various positions. At one point Linda was the owner and operator of two retail clothing stores, "Linda's" and "Matty's Kids".   The parties still own "Linda's".

Linda contends that the District Court erred when it refused to award her $2,000.00 a month for five years as rehabilitative maintenance in order to offset Rick's greater future earning capacity, compensate Linda for the high standard of living achieved by the couple and prevent unjust enrichment to Rick.

The decision to award maintenance is governed by § 40-4-203, MCA, which provides:

> (1)  In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a mainte-

3

nance order for either spouse only if it finds that the spouse seeking maintenance:

(a) lacks sufficient property to provide for his reasonable needs; and

(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The standard of review for awarding maintenance was articulated in In re the Marriage of Aanenson (1979), 183 Mont. 229, 235, 598 P.2d 1120, 1123. "The District Court has wide discretion in the determination of maintenance awards, and that discretion is not to be disturbed unless clearly erroneous." Linda's claim for maintenance fails to meet the statutory requirements. Linda has received a substantial portion of the marital estate, including income producing property and her business, "Linda's". The District Court also found that Linda was able to support herself through appropriate employment. Thus, the District Court did not abuse its discretion when it refused to award maintenance.

4

## ISSUE II

Linda has contended that the court erred in setting the amount of child support. The District Court awarded Linda $700 a month instead of $900 a month as she requested. The award made by the District Court will not be disturbed unless there is clear abuse of discretion resulting in substantial injustice. In re Marriage of Alt, (Mont. 1985), 708 P.2d 258, 42 St.Rep. 1621. Section 40-4-204(1), MCA, provides the statutory guidelines for setting appropriate child support obligations:

> (1) In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
> (a) the financial resources of the child;
> (b) the financial resources of the custodial parent;
> (c) the standard of living the child would have enjoyed had the marriage not been dissolved;
> (d) the physical and emotional condition of the child and his educational needs;
> (e) the financial resources and needs of the noncustodial parent; and
> (f) for the purposes of determining a minimum amount for support, the amount received by children under the AFDC program, as defined in 53-2-702.

Here the amount arrived at by the District Court disregards two important statutory factors, the standard of living the children would have enjoyed had the marriage not been dissolved and the financial resources and needs of the noncustodial parent. The sum awarded by the District Court is not commensurate with Rick's financial resources nor with the standard of living enjoyed by the children prior to dissolution. Upholding the District Court's award would result in substantial injustice to the children who are

entitled to share in the high standard of living achieved by their father. Linda documented the children's monthly needs and requested $900.00 a month, which is less than would be required to pay under the Carlson formula calculations. In re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 500, 41 St.Rep. 2419, 2423. We reverse on this issue and remand to the District Court with instructions to grant $900.00 a month for child support.

## ISSUE III

Linda also maintains that the District Court erred in valuing several items of property. The standard for reviewing a District Court's division of marital property was articulated in In re the Marriage of Hall (Mont. 1987), 740 P.2d 684, 686, 44 St.Rep. 1321, 1323:

> We have concluded that in a property distribution review in marriage dissolution, this court will reverse a district court only upon a showing that the district court has acted arbitrarily or has committed a clear abuse of discretion, resulting in either instance in substantial injustice.

(a) The first item of property, "Linda's", was valued at $28,642 with an accompanying debt of $30,000. Linda was awarded the store and was made responsible for it's debts. As the District Court stated "the value of 'Linda's' was troublesome." Though the valuation was difficult and conflicting evidence was presented, the figures arrived at by the District Court are supported by evidence. The accountant valued the business at $73,000 in 1985. In 1986 the store suffered financially. Jolene Norton's testimony about insufficient inventory provided some evidence that Linda was responsible for the store's present condition. There is no clear abuse of discretion resulting in substantial injustice, thus, we will uphold the District Court.

6

(b)   The second items are insurance policies.  Linda claims that the District Court erred when it failed to account for the cash value of the life insurance policies in the property distribution.  The District Court did make a finding concerning the policies:  "He shall also keep the children as beneficiaries on the existing life insurance policies." (Finding of Fact No. 3).  As we held in In re the Marriage of Larson, (1982), 200 Mont. 134, 139, 649 P.2d 1351, 1354, "Item-by-item findings are not required in property division cases, but findings nevertheless must be sufficiently adequate to ensure that this Court need not succumb to speculation while assessing the conscientiousness or reasonableness of the District Court's judgment."  Here, we are able to assess the reasonableness of the District Court's judgment.  The District Court provided for disposition of the life insurance policies and did so within it's discretion.

(c)   Linda also contests the valuation of the Georgetown Lake property.  The District Court valued the property at $25,000 based upon recent sales of similar property as testified to by Rick.  The figure arrived at by the District Court is supported by the evidence.  There is no abuse of discretion.

(d)   Finally, Linda asserts that the District Court erred in valuing the Bayard Street property.  Once again, the figure arrived at by the District Court was supported by evidence.  Rick testified as to his equity in the Bayard property.  Linda never presented any evidence to contradict this testimony.  The District Court did not exceed its discretion in adopting this value.

ISSUE IV

The final issue on appeal concerns the District Court's refusal to grant Linda attorney fees.  Section 40-4-110, MCA,

7

MCA, governs awards of attorney fees in dissolution actions. This Court has held that the award of fees is permissive under this statute. In re Marriage of Obergfell, (Mont. 1985), 708 P.2d 561, 42 St.Rep. 1414. The standard of review is whether the District Court abused its discretion in refusing to award such fees. In re Marriage of Gallinger (Mont. 1986), 719 P.2d 777, 43 St.Rep. 976. The District Court did not exceed its discretion when it refused to grant Linda attorney fees on the grounds that she received more than half the marital estate including income producing property and that she is capable of supporting herself through appropriate employment.

We affirm on all issues except issue 2 which we reverse and remand to the District Court for entry of a decree in conformance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices