No. 88-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
KATHRYN K. STEPHENSON,

               Petitioner and Respondent,

    and

SAM STEPHENSON, III,

               Respondent and Appellant.

_____

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael J. McKeon, Anaconda, Montana

    For Respondent:

        Mark A Vucurovich; Henningsen, Purcell, Vucurovich &
        Richardson, Butte, Montana

Submitted on Briefs: March 23, 1989

Decided: April 25, 1989

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner, Kathryn K. Stephenson, filed for divorce from her husband of twenty-one years in 1986. The dissolution was tried on May 12, 1988, in the District Court of the Second Judicial District, County of Silver Bow. Judge Arnold Olsen divided the marital assets and provided maintenance to petitioner. Appellant, Sam Stephenson, III, appeals the findings of the court.

We affirm.

Appellant asks us to resolve three issues in dispute:

1. Whether the District Court, in a dissolution of marriage proceeding, erred in not making a specific finding of net worth for the purpose of separating marital assets.

2. Whether the District Court erred in the award of maintenance to petitioner.

3. Whether the District Court erred in awarding one-half of husband's inheritance to wife.

The District Court entered findings of fact and conclusions of law on June 29, 1988, separating the marital estate and providing maintenance for petitioner, Kathryn Stephenson (Kathryn). During the time that the parties were married, respondent Sam Stephenson (Sam) was employed with Atlantic Richfield Company as an environmental coordinator. Kathryn graduated from high school prior to the marriage but attained no further degrees, nor does she have any job experience. Kathryn was mother and housewife during the marriage.

When the parties separated, both children were over eighteen years of age but continue to live with Kathryn.

On June 29, 1988, the findings of fact and conclusions of law were filed by the District Court. In dispensing the marital assets to the parties, the court did not make a determination of the net

worth of the parties. Instead, Judge Olsen distributed the assets without calculating the net worth. The following is a list of the property divided from the marital estate:

(1) extensive gun collection of Sam's acquired during marriage to be appraised and Sam would get the gun collection;

(2) husband received all household furnishings located in the cabin at Elk Park, all mechanical tools, milling machine, lathe and accessories;

(3) husband received 1986 Ford pickup, 1972 Kawasaki, 1971 Suzuki motorcycle, 1969 Bell trailer, and 1976 Layton trailer;

(4) wife received household furnishings in the Butte family residence and all household yard tools and equipment;

(5) stocks valued in excess of $54,000 and a money market account with Piper, Jaffray and Hopwood was equally divided between the parties;

(6) husband awarded the cabin and thirty-eight acres located at Elk Park, Jefferson County;

(7) wife awarded family residence in Butte;

(8) all debts of the marriage the responsibility of the husband;

(9) Kathryn was awarded the sum of $750 per month for at least five years, until she could rehabilitate herself;

(10) Sam was also required to pay the house payments of $244 a month.

Sam contends that the stocks valued at $54,000 and the cabin at Elk Park were inherited by him in 1981 and are his sole and exclusive property. These, he asserts, should not be included in the marital estate.

The first issue is whether the District Court erred in not determining the net worth of the marital estate. Appellant Sam contends that if the District Court does not appraise the value of all the assets from the marriage, the Supreme Court cannot review the division of property to determine whether it was equitable or arbitrary.

The standard of review by which we judge the District Court's determination, as adopted by this Court in In re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 45 St.Rep. 850 is:

> [that the] District Court has far-reaching discretion in dividing the marital property. Our standard of review is that the District Court's judgment, when based upon substantial credible evidence, will not be altered unless a clear abuse of discretion is shown.

Stewart, 727 P.2d at 767, 45 St.Rep. at 852; Marriage of Watson (Mont. 1987), 739 P.2d 951, 954, 44 St.Rep. 1167, 1170.

Section 40-4-202(1), MCA, provides that in a proceeding for division of property, the court shall "equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both." The statute does not specifically require the District Court to determine the net worth of the assets of the parties. We have specifically held in previous cases that the District Court must determine the net worth. As a guideline, it is helpful to this Court in reviewing

4

the findings of fact and conclusions of law of the District Court that a determination of net worth is made, but in this case it is not imperative. The test is whether the findings as a whole are sufficient to determine the net worth and to decide whether the distribution was equitable. Nunally v. Nunally (Mont. 1981), 625 P.2d 1159, 1161, 38 St.Rep. 529, 531.

We hold that the District Court in this case made an equitable distribution of the assets of the Stephensons and did not abuse its discretion in not determining a net worth of the assets. In reviewing the assets of the parties and the distribution by the court, each party received an equitable portion of the marital estate. "Here, the emphasis placed on the parties' needs and their relative financial situations indicates a careful exercise of the court's discretion." Bailey v. Bailey (1979), 184 Mont. 418, 420, 603 P.2d 259, 260.

The second issue is whether the District Court erred in awarding Kathryn maintenance of $750 per month.

Sam contends that Kathryn has done nothing to "rehabilitate" herself in the two years since the dissolution of the marriage. However, Kathryn has no training for employment and spent the twenty-one years of the marriage as a mother and a homemaker. The District Court established that she was to receive $750 per month for no less than five years. This, we believe, is a reasonable time for Kathryn to rehabilitate herself. Although Sam contends she is physically capable, good health alone is not enough for providing for oneself. Proper training for some employment is necessary in the rehabilitation process.

Section 40-4-203, MCA, directs under what circumstances maintenance can be awarded. The court can order maintenance for either spouse only if it finds that the spouse seeking maintenance:

5

(1)(a) lacks sufficient property to provide for his reasonable needs; and

(b) is unable to support himself through appropriate employment . . .

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . .

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Maintenance is necessary in the case at bar, and we hold that the District Court made a just determination. The court did not abuse its discretion.

The third issue is whether the District court erred in awarding one-half of Sam's inheritance to Kathryn.

In 1981, Sam inherited $50,000 worth of stocks and bonds, and real estate located at Elk Park in Jefferson County, valued at approximately $20,000. Sam contends that Kathryn has not participated in the enhancement of the stocks and bonds and has not contributed to the maintenance of the Elk Park property. The District Court, though, included both of these inheritances in the assets of the marital estate. The court divided equally the $54,000 value of the stocks and bonds. The court awarded the husband the Elk Park property. It is Sam's contention that the property is exclusively his and should not be considered in the division of property.

> In dividing property in a marriage dissolution the District Court has far-reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in a substantial injustice.

Becker v. Becker (1985), 218 Mont. 229, 232, 707 P.2d 526, 528; In re the Marriage of Rolf (1985), 216 Mont. 39, 45, 699 P.2d 79, 83, citing In re the Marriage of Vert (1984), 210 Mont. 24, 680 P.2d 587.

Section 40-4-202(1)(a), MCA, provides that in dividing property acquired by gift, bequest, devise or descent, the court shall consider the contributions of the other spouse, including nonmonetary contribution of the homemaker contributions facilitating the maintenance of the property. The determining factor is whether an equitable distribution was made and within the bounds of reason. In this case, we hold that the District Court did not abuse its discretion and acted soundly in dividing the marital assets.

7

Affirmed.

_J. A. Turnage_
Chief Justice

We concur:

_John C. Sheehy_

_R. C. McDonough_

_L. C. Gulbrandson_

_Justices_