No. 91-007

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF
PAULINE S. LEE,

              Petitioner, Respondent
                  and Cross-Appellant,

   and

DONALD R. LEE,

              Respondent, Appellant
                  and Cross-Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Joseph B. Gary, Bozeman, Montana

      For Respondent & Cross-Appellant:

      Michael G. Moses; Moses Law Firm, Billings, Montana

FILED

Submitted on Briefs:  June 28, 1991

Decided:  September 5, 1991

Filed:       SEP - 5 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Donald R. Lee and Pauline S. Lee appeal from an August 24, 1990, amended final decree of dissolution entered by the District Court of the Thirteenth Judicial District, Yellowstone County, Montana. We affirm in part and reverse in part.

The parties present the following issues:

1. Did the District Court abuse its discretion by failing to consider tax consequences of the marital distribution?

2. Did the District Court abuse its discretion by failing to award interest on deferred cash payments to the wife?

The thirty-nine year marriage of Pauline S. Lee and Donald R. Lee was dissolved on August 24, 1990. At the time of the amended final dissolution decree, the wife was 64 years of age and was receiving medical treatment for a heart problem, stomach ulcer, chronic bronchitis, emphysema, arthritis, and depression. In addition, she had been seeing a psychologist for two years for treatment of depression. The husband was 69 years old and in good health. The couple had four grown children.

According to the final decree, of the total marital estate of $5,830,507, the wife was awarded $2,222,540, leaving the husband with $3,607,967 in assets. The court stated that a larger proportion of the marital estate had been distributed to the husband to allow for property belonging to him before the marriage.

Prior to the decree of dissolution, the wife previously received $222,540. The court ordered the husband to pay the

2

additional $2,000,000 in assets comprised of certain real properties valued at $678,477, $400,000 in cash upon entry of the decree, and $921,523 to be paid in two annual cash installments of $460,761.50 each without interest.

The husband's assets prior to distribution consisted of cash totalling $126,489; contracts for deed worth $49,038; farm machinery valued at $163,400; investments in seven businesses with the husband's share totalling $1,923,023, primarily in real estate holdings; other real estate valued at $1,980,927; and stocks and bonds valued at $1,873,189. Added to these were $220,207 in assets testified to at trial. Among the real estate holdings were over 8,000 acres of farm and ranch property. The court found that the husband had approximately $440,000 in liabilities, including a $380,000 debt related to farm operations.

This appeal concerns the cash transfers totalling $1,321,523 over a two-year period. The husband alleges that the District Court did not consider the tax consequences of liquidation of assets to meet the cash payments. The husband proposes that more of the real estate assets be transferred to the wife in lieu of cash.

The wife argues that the court erred in failing to allow interest on the two annual cash installments.

I

The husband asserts that the District Court abused its discretion by failing to consider tax consequences in apportioning the marital estate, resulting in an inequitable distribution of the

couple's property.

The majority of the couple's assets were in real estate and farming operations. According to the husband, since the real estate market in the Billings area is depressed, the properties do not generate substantial income. At the same time, the husband claims that he needs income from the stocks and bonds to pay in excess of $100,000 per year in property taxes on the real estate holdings. Approximately $249,734 worth of real property belonging to the couple already had been forfeited for tax delinquencies. The husband also asserts that federal income taxes would consume most of the profits from a sale of farm property owned by the couple.

The wife testified that she wanted cash, rather than real estate properties, for her share of the settlement. She testified that she preferred this arrangement due to her health problems, unfamiliarity with the bookkeeping aspects of managing real property, and the large amount of money needed to renovate run-down rental properties.

Division of marital property in dissolution cases must be equitable. Marriage of Wersland (Mont. 1991), ___ P.2d ___, ___, 48 St.Rep. 626, 628. On appeal, we will not overturn the district court's judgment distributing marital property unless the court has abused its discretion by failing to base its judgment upon substantial, credible evidence. Marriage of Dzivi (Mont. 1991), 805 P.2d 567, 568, 48 St.Rep. 140.

Section 40-4-202, MCA, governs distribution of the marital

4

estate and lists numerous factors the district court must take into account when it equitably apportions the assets between the parties. The statute also provides:

> In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties;
> . . . .

Section 40-4-202, MCA (emphasis added). In relation to tax liabilities, this Court has held that "where a property distribution ordered by a court includes a taxable event precipitating a concrete and immediate tax liability, such tax liability should be considered by the court before entering its final judgment." In re Marriage of Beck (Mont. 1981), 631 P.2d 282, 285, 38 St.Rep. 1054, 1058.

The liquidation of stocks and bonds which form part of the marital estate in order to meet the cash payment requirements ordered by the District Court could itself be a taxable event resulting in new tax liabilities. In addition, as asserted by the husband, such a sale may adversely impact the husband's ability to meet existing annual tax liabilities in excess of $100,000 on the various real property holdings.

In the decree of dissolution, the District Court referred to property taxes owed by the couple, but failed to make specific findings regarding tax consequences of the distribution of the marital property and did not indicate how tax liabilities were accounted for in the distribution. We hold that the District Court's failure to address the tax consequences of the distribution

5

of property amounted to an abuse of discretion. We therefore remand to the District Court to make an equitable distribution of the marital estate specifically considering tax consequences to both parties in making its decision. Our ruling does not require the District Court to adopt the property distribution proposed by either party.

II

The wife contends that the District Court abused its discretion by failing to award interest on the $921,523 share of the marital estate to be paid in two annual cash installments of $460,761.50.

Whether interest is allowed on cash installments ordered in a decree of dissolution is within the discretion of the district court. In re Marriage of Garner (1989), 239 Mont. 485, 488, 781 P.2d 1125, 1127; In re Marriage of Jacobson (1979), 183 Mont. 517, 525, 600 P.2d 1183, 1188. The exception is that when a spouse is delinquent in paying cash installments ordered as part of a property settlement, the payee spouse is entitled to interest from the date the payments became due. In re Marriage of Gibson (1983), 206 Mont. 460, 466-67, 671 P.2d 629, 632-33.

In this case, the husband was required to pay two large cash payments within two years, a relatively short period of time. We hold that the District Court did not abuse its discretion by failing to award interest on the annual cash payments to the wife as part of the property settlement.

6

The final decree is reversed with regard to the distribution of assets and liabilities and remanded to the District Court for redetermination in accordance with this opinion.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Justices_

September 5, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Joseph B. Gary
Attorney at Law
P.O. Box One
Bozeman, MT  59771-0001

~~amicusn~~


Michael G. Moses
Moses Law Firm
P.O. Box 2533
Billings, MT  59103-2533

~~Amicus Attorneys:~~


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy