NO.  94-553

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

SUZANNE L. TORGERSON,

     Petitioner and Respondent,

  and

MICHAEL A. TORGERSON,

     Respondent and Appellant.

FILED

JUN 15 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        George B. Best, Attorney at Law,
        Kalispell, Montana

     For Respondent:

        Eric F. Kaplan; Kaplan Law Offices,
        Columbia Falls, Montana


Submitted on Briefs:  May 4, 1995

Decided:  June 15, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court

Michael Torgerson (Michael) appeals from an order of the Eleventh Judicial District Court, Flathead County, dividing his marital estate with Suzanne Torgerson (Suzanne). We affirm.

Michael and Suzanne were married in June 1968 and separated in July 1991. Their two children are now adults. Michael is in good health and Suzanne has bladder cancer and suffers from additional emotional and physical health problems. Both parties worked and attended school during the course of the marriage: Michael is an architect and Suzanne a nurse. Suzanne assisted Michael in his architectural practice and served as the primary caretaker of the children and as homemaker for the family. Michael's architectural practice was successful for a time but began to decline until he terminated his involvement with the architectural practice in 1992.

Suzanne inherited approximately 160 acres of land, parcels of which the parties subsequently subdivided and sold, thus creating a source of income. Suzanne will receive no further inheritance but Michael has the expectation of receiving a substantial inheritance from his father. In the early 1980s, the parties involved themselves in various commercial real estate partnerships.

The parties agreed to the distribution of most of the marital estate, including parcels of land, partnership interests, some vehicles, furniture, and belongings.

Michael raises seven issues on appeal:

1. Did the District Court err in its distribution of the marital estate?

2. Did the District Court err by valuing the partnerships without presenting a rationale for such determinations?

3. Did the District Court err in establishing a minority discount based on erroneous partnership values?

4. Did the District Court err by failing to consider the tax consequences of the sale of partnerships when such sale was necessitated by the terms of the court's decree?

5. Did the District Court err in failing to consider the parties' tax debt for 1991-1993?

6. Did the District Court err by miscalculating the equalization sum?

7. Did the District Court err in requiring Michael to pay for Suzanne's expert witness?

Standard of Review

In marital property division cases, we review whether the district court's findings of fact are clearly erroneous. In re Marriage of Maedje (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583. Furthermore, "[w]hen there is substantial credible evidence to support the court's findings and judgment, this Court will not alter the trial court's decision unless there is an abuse of discretion." Marriage of Maedje, 868 P.2d at 583

Issue I

Did the District Court err in its distribution of the marital estate?

We have long held that the distribution of marital assets need not be equal, but rather, must be equitable. In re Marriage of Zander (1993), 262 Mont. 215, 222, 864 P.2d 1225, 1230. Michael argues that the District Court erred because it did not determine the net worth of the parties. We do not require that the District Court determine the marital net worth: Rather, we have held that

3

the determination of net worth is helpful to this Court and the test is whether the "findings as a whole are sufficient to determine the net worth and to decide if the distribution was equitable." In re Marriage of Dreesbach (1994), 265 Mont. 216, 227, 875 P.2d 1018, *1024; citing* In re Marriage of Stephenson (1989), 237 Mont. 157, 160, 772 P.2d 846, 848. In this case, a determination of net worth is not imperative. See Marriage *of Stephenson,* 772 P.2d at 848.

The District Court considered, among other things, the duration of the marriage, that Suzanne has health problems, the marital standard of living, the marital estate, the parties' educations, earning capacity, age, and past and future inheritances. Finally, the court made apparent that the parties agreed to distribution of the majority of the estate in a pre-trial order. The District Court did not abuse its discretion in distributing the marital estate and based its judgment upon substantial credible evidence: Each party received an equitable portion of the marital estate and that the emphasis was "placed on the parties' needs and their relative financial situations indicates a careful exercise of the court's discretion." *Marriage of Stephenson,* 772 P.2d at 848. The District Court's findings were sufficient as a whole. We hold that the District Court's distribution was equitable.

## Issue II

Did the District Court err by valuing the partnerships without presenting a rationale for such determination?

The District Court found that the parties' expert witnesses

4

established some conflicting partnership values. The court then established some values of its own. Michael and Suzanne each argue that their expert is the better expert, and Michael argues that the District Court was required to give reasons for determining its valuations. See In re Marriage of Taylor (1985), 257 Mont. 122, 127, 848 P.2d 478, 481.

> A district court has broad discretion in determining the value of property in a dissolution. . . . "Its valuation can be premised on expert testimony, lay testimony, documentary evidence, or any combination thereof." . . . "The court is free to adopt any reasonable valuation of marital property which is supported by the record." .
> "As long as the valuation [of property in a dissolution] is reasonable in light of the evidence submitted, we will not disturb the finding on appeal." . . . [Citations omitted. ]

In re Marriage of Robinson (Mont. 1994), 888 P.2d 895, 897, ___ St.Rep. ___, ___.

A comparison of Michael's and Suzanne's experts' proposed valuations for the eight partnerships reveals that none of the individual expert's partnership valuations are so widely conflicting as to render the District Court's failure to state reasons for its findings an abuse of discretion. We note further that the District Court selected valuations from both of the parties' experts, valuations are supported by the record and the judge stated that the parties had "equally well qualified CPA expert witnesses upon the subject." The one exception was the Superior Forest Service Building partnership, which both parties' experts initially valued at zero because the property was under construction. Suzanne's expert later modified his valuation to $93,017, which the District Court apparently considered a more

reasonable interest in land and a building worth approximately *$400,000*. We hold that the District Court did not abuse its discretion in valuing the partnerships and its conclusions were based on substantial credible evidence.

## Issue III

Did the District Court err in establishing a minority discount based on erroneous partnership values?

Michael raises the same question for minority discount in this issue as he did for partnership valuation in issue two. Our analysis and conclusion here is the same as above: The District Court's minority discount was between the parties' experts' proposed values and was the product of the District Court's stated consideration of the issues and experts' figures. The District Court did not abuse its discretion in establishing the minority discount and its conclusions were based on substantial credible evidence.

## Issue IV

Did the District Court err by failing to consider the tax consequences of the sale of partnerships when such sale was necessitated by the terms of the court's decree?

Michael argues that the District Court's distribution forces him to sell partnership interests, thus causing a tax burden that was improperly ignored by the District Court. In support, Michael cites In re Marriage of Lee (1991), 249 Mont. 516, 816 P.2d 1076. Applying *Marriage of Lee* to the instant facts we reach the opposite conclusion. In *Marriage of Lee, we* wrote that "where a property distribution ordered by a court includes a taxable event precipitating a concrete and immediate tax liability, such tax

6

liability should be considered by the court before entering its final judgment." *Marriage of Lee,* 816 P.2d at 1078.

In the instant case, the District Court's decree did not "[precipitate] a concrete and immediate tax liability." In In re Marriage of Turbes (1988), 234 Mont. 152, 159, 762 P.2d 237, 241, we held that "a District Court does not abuse its discretion by refusing to consider theoretical tax consequences when the court-ordered property distribution does not contemplate any taxable event which triggers present tax liability." Michael does not present any evidence indicating that the District Court's decree forced him to sell any assets that would result in a tax liability. Absent such evidence, Michael's claims are theoretical at best. We therefore conclude that the District Court was not required to consider the tax consequences from selling partnership assets.

Issue V

Did the District Court err in failing to consider the parties' tax debt for 1991-1993?

Michael argues that the District Court was required to consider the parties' tax debt for the years 1991, 1992, and 1993 because § 40-4-202, MCA, includes liabilities in the list of court considerations when making an apportionment of marital assets. We have held that:

> While articulation of [the factors in § 40-4-202, MCA] is encouraged, the absence of specific findings does not automatically warrant remand:
> It is not the lack of specific findings which constitute reversible error, but the lack of substantial evidence to support the judgment. We look both to the District Court's express reasoning and the evidence in the record to determine whether ample evidence exists.

7

In re Marriage of Gerhart (1990), 245 Mont. 279, 282, 800 P.2d 698, 700 (citation omitted). In the instant case, the record demonstrates that the District Court considered the parties' liabilities and the District Court did not abuse its discretion and its findings are supported by the evidence presented.

## Issue VI

Did the District Court err by miscalculating the equalization sum?

Michael argues that the District Court's equalization payment "serves to further unbalance the distribution" and therefore was improper. As discussed in issue one, the distribution of marital assets need not be equal, but rather, must be equitable. *Marriage of Zander*, 864 P.2d at 1230. The District Court considered the various factors identified in § 40-4-202, MCA, and calculated the equalization sum based on its determination of what would be an equitable distribution. Michael fails to provide evidence that the District Court abused its discretion in determining this sum or that the sum is not supported by the evidence in the record. The District Court did not err in determining the equalization sum.

## Issue VII

Did the District Court err in requiring Michael to pay for Suzanne's expert witness?

Michael argues that Mr. Boller was Suzanne's expert and that Michael should not be required to pay for her expert. Section 40-4-110, MCA, provides that:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any [dissolution] proceeding

8

. . . .

Given the District Court's findings and conclusions, it did not abuse its discretion in ordering Michael to pay one-half of Mr. Boller's fees.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter, and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

June 15, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


George B. Best
Attorney at Law
P.O. Box 278
Kalispell, MT 59903

Eric Kaplan
Kaplan Law Offices
P.O. Box 329
Columbia Falls, MT 59912

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy