No. 90-502

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

JOAN WERSLAND,

       Petitioner/Respondent
       and Cross-Appellant,

  and

KENNY WERSLAND,

       Respondent and Appellant.

FILED

JUL -2 1991

CLERK Ed Smith
STATE OF SUPREME COURT
OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
              In and for the County of Richland,
              The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Diane E. Savage; Habedank, Cumming, Best & Savage,
              Sidney, Montana

       For Respondent:

              Richard A. Simonton; Simonton, Howe & Schneider,
              Glendive, Montana

Submitted on briefs: March 28, 1991

Decided:   July 2, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Kenny Wersland appeals from a decree of dissolution entered in the Seventh Judicial District Court, Richland County, and the subsequent order amending that decree. Joan Wersland cross-appeals.

We affirm.

The following questions are presented on appeal:

1. Did the trial court err by imputing income to Kenny in the determination of his child support obligation?

2. Did the trial court err in failing to deduct income taxes from Kenny's imputed income in the determination of his child support obligation?

3. Did the trial court abuse its discretion when it retroactively reduced Kenny's child support obligation in the final decree?

4. Was the property division equitable?

5. Is Joan entitled to attorney's fees and costs on appeal?

The parties to this dissolution, Kenny and Joan Wersland, separated in September 1987. At the time of separation, Joan was employed as a secretary with the local school system, and Kenny worked as a contractor. They have three children, currently ages 16, 12, and 7.

During the pendency of the dissolution, Joan petitioned the court for a temporary order regarding custody, child support, maintenance, and attorney's fees. On February 8, 1989, the court

issued a temporary order designating joint custody of the children, with primary residence of the two youngest with the mother and the oldest with the father. Kenny was ordered to pay Joan $400 per month child support, retroactive to January 1, 1989, and $400 attorney's fees.

The matter was tried, and on January 11, 1990, the court issued findings, conclusions and a decree which, among other things, reduced Kenny's child support obligation from $400 per month to $316 per month, retroactive to January 1, 1989. Both Joan and Kenny moved to alter or amend the decree. On August 1, 1990, the court issued an amended decree. Both parties appeal.

## I.

Did the trial court err by imputing income to Kenny in the determination of his child support obligation?

The court found, in its final decree, that because Kenny's earning capacity exceeded the demonstrated net income of his construction business by $6085, that amount should be imputed to him for the purposes of determining child support. The court made this determination on the basis of the standard wage for carpenters in the area. Kenny maintains that because no evidence was presented that indicated that carpentry work could be found in the Sidney area at the time, it was error to impute income to him.

The Uniform District Court Rule on Child Support Guidelines, 227 Mont. 1 (1987), (hereafter Guidelines) states:

In cases where the obligor parent is not working or is not working at full earning capacity, the reasons for such a limitation on earnings should be examined. If the reason is a matter of choice, the local job market should be reviewed to determine what a person with the obligor parent's trade skills and capabilities could earn. Those typical earnings can then be imputed to the obligor parent for use in this guide.

We have stated that, using actual earnings as a guideline, it is incumbent on the district courts to realistically assess parents' earning power and determine child support accordingly. In re the Marriage of Gebhardt, 240 Mont. 165, 172, 783 P.2d 400, 404 (1989). However, courts are also "obliged to consider the employment opportunities available in the local job market for unemployed and under-employed parents." Gebhardt, 240 Mont. at 172, 783 P.2d at 404. Here, the court assessed Kenny's actual earnings, which have been substantial at times, heard testimony regarding the local job market, which currently is poor, and arrived at a sum to impute. Having considered the factors required by the Guidelines for imputed income, and finding adequate testimony in the record to support its decision, we determine that the trial court did not err.

## II.

Did the trial court err in failing to deduct income taxes from Kenny's imputed income in the determination of his child support obligation?

Kenny maintains that the court should have deducted income tax from the additional amount of earnings imputed to him, thus

4

lowering his child support payments by $16.28 per month. This interpretation of the way to properly calculate child support misconstrues the child support statutes and the Guidelines.

Sections 40-4-204 and 40-6-116, MCA, contain broad standards for the determination of child support. Without reproducing them in their entirety here, the statutes do little more than offer guidance to those involved in the support determination. The Guidelines, however, contain a suggested procedure for predictable and equitable calculation which "calculates child support as a share of each parent's income estimated to have been spent on the child if the parents and child were living in an intact household." Guidelines, 227 Mont. at 4.

Pursuant to the Guidelines, we stated in In re the Marriage of Mitchell, 229 Mont. 242, 247, 746 P.2d 598, 601 (1987):

> When analyzing income under the Guidelines, it is the disposable income of the parent, and not their income tax returns alone, which need be considered by the court. (Emphasis added).

Kenny is attempting to lower his support payments simply by reducing his income for tax purposes. As we indicated in Mitchell, and subsequently in In re the Marriage of Gray, 242 Mont. 69, 788 P.2d 909 (1990), and in In re the Marriage of Stewart, 243 Mont. 180, 793 P.2d 813 (1990), losses allowable for income tax deduction are not necessarily to be used to calculate child support. Mitchell, 229 Mont. at 247, 746 P.2d at 602. The District Court

did not abuse its discretion in failing to deduct income taxes from Kenny's imputed income.

## III.

Did the trial court abuse its discretion when it retroactively reduced Kenny's child support obligation in the final decree?

Section 40-4-208(1), MCA, states:

Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification.

Joan claims that the District Court was in error when it ordered that child support payments be reduced retroactively from $400 per month to $316 per month. She relies on In re the Marriage of Rolfe, 216 Mont. 39, 699 P.2d 79 (1984), where we reversed a District Court decision that retroactively modified child support payments. In Rolfe we stated that, pursuant to § 40-4-208(1), MCA:

The District Court did not have the power on March 2, 1984 to modify payments resulting from a July 9, 1983 order.

Rolfe, 216 Mont. at 49, 699 P.2d at 85.

The distinction in the facts before us is that here the court was revising a temporary order, not modifying a decree as specified in § 40-4-208(1), MCA. We have recently recognized the authority of the district courts to revise temporary orders. In re the Marriage of Revious, 226 Mont. 304, 735 P.2d 301 (1987). In Revious, the District Court dissolved the marriage by decree but reserved judgment on the issue of child support, instead issuing

6

a temporary order of child support until a hearing could be held. The final judgment, issued almost two years later, revised the child support and made it retroactive to the time of the date of dissolution. On appeal, this Court stated that:

> It was clearly within the District Court's authority to make the maintenance and child support awards retroactive. The temporary order of child support issued in July of 1984 did not prejudice the rights of the parties or the children adjudicated at the later hearings. Section 40-4-121(7)(a), MCA. It was well within the District Court's power, after hearing on the matter of child support and maintenance, to make the order retroactive.

Revious, 226 Mont. at 312, 735 P.2d at 306.

Section 40-4-121(7)(a), MCA, referred to in the above citation, states:

> (7) A temporary order or temporary injunction:
> (a) does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceeding . . . .

The facts of Revious are more analogous to the facts before us than are those of Rolfe. We therefore conclude that the District Court acted within its discretion when it ordered retroactive revision of the temporary support order.

## IV.

Was the property division equitable?

We have repeatedly held that the property division must be equitable. In re the Marriage of Snell, 205 Mont. 359, 668 P.2d 238 (1983); In re the Marriage of Fitzmorris, 229 Mont. 96, 745 P.2d 353 (1987); In re the Marriage of Jones, 229 Mont. 128, 745

7

P.2d 350 (1987). We will not disturb a district court's judgment that is based on substantial credible evidence, unless a clear abuse of discretion is shown. In re the Marriage of Stewart, 232 Mont. 40, 42, 757 P.2d 765, 767 (1988). Here, the District Court has heard testimony on the temporary order, the permanent order, and the motion to amend. Our review of the record indicates the trial court has equitably divided the property, even to the extent of amending the decree to satisfy the parties. We find no abuse of discretion.

## V.

Is Joan entitled to attorney's fees and costs on appeal?

The District Court originally awarded Joan $400 in fees. Joan now requests an additional award of attorney fees and costs on appeal under Rule 32, M.R.App.P., Rule 33, M.R.App.P., and § 40-4-110, MCA.

Rule 32, M.R.App.P., allows damages for appeals taken without merit. However, damages are not warranted when a reasonable ground for appeal exists. Tope v. Taylor, 235 Mont. 124, 132, 768 P.2d 845, 850 (1988). Here, Kenny raised meritorious questions regarding imputed income and tax liability, and is therefore not liable for damages under Rule 32, M.R.App.P.

Similarly, he is not liable under Rule 33, M.R.App.P., which provides for attorney fees if the fees are based on a contract or on a specific statute. Schneider v. Minnesota Mutual Life, 806 P.2d 1032, 1037, 48 St.Rep. 224, 227 (1991). Here, no contract

8

exists and the only possible applicable statute, § 40-4-110, MCA, states:

> The court from time to time, after considering the financial resources of both parties, <u>may</u> order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. (Emphasis added.)

Section 40-4-110, MCA.

The discretionary nature of § 40-4-110, MCA, does not mandate the court to award costs and fees. We decline to do so here.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9