No. 92-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

RICHARD W. OVERTURF,

     Petitioner and Appellant,

  and

RUBY N. OVERTURF,

     Respondent and Respondent.

FILED

JUL - 9 1992

CLE... ...SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kevin T. Sweeney, Sweeney & Healow, Billings,
Montana

    For Respondent:

        Dane C. Schofield, Peterson & Schofield, Billings,
Montana

Submitted on Briefs:  June 4, 1992

Decided:  July 9, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Richard W. Overturf (Richard) commenced dissolution of his marriage to Ruby N. Overturf (Ruby) in the Thirteenth Judicial District, Carbon County, Montana. The District Court signed the Final Decree of Dissolution on November 28, 1989. Ruby later moved for reconsideration of the dissolution decree to provide for an award of maintenance or recalculation of entitlement to retirement benefits. The District Court granted the motion and awarded Ruby $340 per month in maintenance. Richard appeals and we reverse.

The issue on appeal is whether the District Court erred when awarding Ruby $340 per month in maintenance.

The parties' marriage spanned approximately twenty-two years and began when the couple married in the Philippines on April 7, 1966. Richard was a career officer in the United States Navy and progressed through the military hierarchy until he reached the rank of Lieutenant Commander. Ruby never obtained any formal education beyond the eighth grade but was licensed as a barber and beautician. Throughout the marriage Ruby performed hair-cutting services in barber shops or beauty parlors and at times was self-employed performing similar services.

The parties had no children together and lived apart for approximately six years; Richard in Red Lodge, Montana and Ruby in Virginia Beach, Virginia. Despite this long separation, neither party initiated dissolution proceedings until May of 1988 when Richard filed for dissolution.

There was no provision for maintenance in the dissolution

2

decree, apparently due to the property division provisions they agreed upon. Accordingly, the decree addressed Richard's anticipated military pension and the percentage of distribution to each party. Based on an estimated monthly retirement income of $1,830.18, the court determined that when Richard retired from the Navy, Ruby should receive 30 percent or $549 per month, and Richard should receive the remaining 70 percent. During the pending dissolution, Richard was undergoing a medical evaluation for a possible disability retirement. Richard was eventually diagnosed with degenerative disk disease and was involuntarily discharged from the Navy with a medical disability.

As a result of Richard's medically disabled designation, the Navy informed Ruby in a letter dated December 12, 1990, that according to the Uniformed Services Former Spouse's Protection Act (the Act) (Public Law 97-252), she would receive $46.50 on a monthly basis. The drastic reduction in Ruby's entitlement came about because the Act excludes entitlement to payments made under a disability designation. Since Richard's designation as medically disabled, he received $1,134 per month in disability. Of that amount, approximately $979 is considered "disability retirement pay" while $155 is designated as "non-disability disposable retirement pay." Therefore, Ruby is only entitled to 30 percent of the non-disability disposable retirement pay, or $46.50 per month.

Based on this drastic reduction, on January 7, 1991, Ruby moved the court and filed a motion entitled "Motion for Reconsideration." That motion requested modification of the

dissolution decree to provide for maintenance or, in the alternative, recalculation of Ruby's entitlement to retirement benefits in order to equitably divide the marital property.

The District Court, the Hon. Todd Baugh presiding, granted Ruby's motion and amended the decree; requiring Richard to pay Ruby maintenance of $340 per month (30 percent of Richards disability retirement income of $1,134) in addition to the $46.50 she received directly from the Navy as her portion of Richard's retirement. Richard now appeals to this Court.

We previously have said that "this Court's function on appeal is limited to a determination of whether the district court's findings are clearly erroneous." In re Marriage of Eide (1991), 250 Mont. 490, 493, 821 P.2d 1036, 1038.

The parties' original dissolution decree contained no provision for maintenance. Therefore, the controlling statute is § 40-4-203(1), MCA, which reads as follows:

> In . . . a proceeding for maintenance following dissolution . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) lacks sufficient property to provide for his reasonable needs; and
>
> (b) is unable to support himself through appropriate employment. . . .

Section 40-4-203(1), MCA; also see In re Marriage of Dunn (1991), 248 Mont. 95, 98, 809 P.2d 571, 573.

After a review of the record we find that Ruby did not meet the requisite elements of the statute and therefore, is not entitled to a maintenance award. The record indicates that Ruby is

4

able to provide for her reasonable needs through earned income and property obtained in the dissolution. Ruby obtained real property including a residence in Virginia Beach, Virginia and lake property in North Carolina at Lake Gaston Estates. Further, Ruby is able to continue offering barber services which is appropriate employment. Ruby's own testimony indicates that she can make approximately $70 per week performing barber services at her current place of employment, although the amount could fluctuate depending upon patronage.

Ruby stated in her deposition that she requires $700 per month to cover her expenses. We also note that Ruby's affidavit states that her monthly need is $832.71. Her approximate monthly income totals just over $800 which is derived from: barber services ($70 or more per week), Naval retirement income ($46.50), Social Security ($355), IRA and various other sources. Therefore, it cannot be said that she is unable to support herself, nor does she lack sufficient property to provide for her reasonable needs.

Because Ruby fails to meet the requirements of § 40-4-203(1) (a) and (b), MCA, it is unnecessary for us to progress to the standards set forth later in the same statute at § 40-4-203(2)(a) through (f), MCA.

We also note that the record indicates that Richard is currently on the Navy's "Temporary Disability Retirement List." His status is to be reviewed on a eighteen month basis with a final evaluation to be completed in five years. At the end of five years, if Richard has not been designated as "Permanently Disabled"

5

he could begin receiving his normal retirement pay. Accordingly, Ruby would then be entitled to approximately $549 per month, as previously estimated, which is 30 percent of Richard's regular monthly retirement pay.

Failing to meet the necessary standards for an award of maintenance, we return this matter to the District Court to enter findings consistent with this opinion. Reversed.

Justice

We concur:

Chief Justice

Justices