No.  94-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

---

IN RE THE MARRIAGE OF

VICKIE A. SNEDIGAR,

      Petitioner and Respondent,

  and

HENRY O. SNEDIGAR,

      Respondent and Appellant.

FILED

MAR 07 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt,
               The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Henry O. Snedigar, Pro Se, Payette, Idaho


      For Respondent:

          Carol Johns, Attorney at Law, Wolf Point, Montana

---

                Submitted on Briefs:  February 9, 1995

                        Decided:  March 7, 1995

Filed:

_____
               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Henry 0. Snedigar, appearing pro se, appeals from a dissolution of marriage, property distribution and custody decree entered in the District Court for the Fifteenth Judicial District, Roosevelt County, Montana. We affirm.

The issues are as follows:

1. Did the District Court properly determine custody and visitation?

2. Did the District Court properly determine Henry's child support obligation?

3. Did the District Court equitably divide the marital assets?

4. Was Henry denied a fair hearing in the District Court dissolution proceeding?

The parties were married on October 9, 1976, in Roosevelt County, Montana. Two children were born to the parties during the course of the marriage, Russell A. Snedigar, age eleven and Annie M. Snedigar, age nine. The parties separated on April 23, 1992 when Henry moved to Payette, Idaho in order to take a new job. On December 16, 1992, Vickie Snedigar filed a petition for dissolution of marriage. At the same time, she requested and received a temporary restraining order and custody order. After a hearing before the District Court on June 27, 1994, the court entered its findings of fact, conclusions of law and decree of dissolution of marriage on August 15, 1994.

In its decree, the District Court awarded Vickie sole custody

2

of the minor children subject to scheduled visitation with Henry. Henry was ordered to pay $187.50 per child per month pursuant to the Montana Child Support Guidelines. The court awarded Vickie the family home in Culbertson, Montana, as well as all personal property in her possession, including a 1989 Ford Tempo and retirement accounts and bonds which are in her name. Henry was awarded the rental unit in Culbertson, Montana, as well as personal property in his possession including a 1984 Ford 4 x 4, a 1924 Model-T, Model-A, boat, trailer, motor, flatbed trailer, retirement accounts and bonds which are in his name, and all accounts including his employer-paid retirement account, which he established at the parties' separation. Henry was also held responsible for payment of his student loan.

1. Did the District Court err in determining child custody and visitation?

On appeal we review whether the district court's findings concerning custody are supported by substantial credible evidence. In re Marriage of Kovash (1993), 260 Mont. 44, 53, 858 P.2d 351, 356. The district court's findings concerning custody will not be overturned unless they are clearly erroneous. In re Marriage of Anderson (1993), 260 Mont. 246, 252, 859 P.2d 451, 454. Because the district court is in the best position to observe the witnesses and their demeanor, its judgment will not be substituted unless there is a clear abuse of discretion. Marriage of Anderson, 859 P.2d at 454.

On appeal, Henry claims that he wants "a visitation that will

3

allow him a set time with his children." The District Court set forth very detailed findings of fact in which it considered the best interest of the children factors as required by § 40-4-212, MCA, including the wishes of both parents and the children. The District Court's visitation schedule included visitation during the summer months, visitation during the Christmas holidays, as well as visitation during other times including hunting season. As a condition of visitation with the children, the court required Henry to participate in and complete a parenting class approved by the family services department of the community in which he resides. In light of the substantial credible evidence supporting the District Court's findings, including a finding of physical abuse toward Vickie, Henry's history of having taken the children out of state without Vickie's consent, and his refusal to return the children to Montana without the necessity of a court order, the District Court's visitation schedule and conditions of visitation are entirely reasonable and are not an abuse of discretion.

We conclude that the District Court did not err in awarding custody of the children to Vickie and in establishing a set visitation schedule with a requirement that Henry participate in a parenting class.

2. Did the District Court properly determine Henry's child support obligation?

The District Court ordered Henry to pay child support in the amount of $375 per month, or $187.50 per child per month. There is a presumption in favor of the district court's determination of

4

child support and the district court's decision will not be overturned absent an abuse of discretion. In re Marriage of McClean (1993), 257 Mont. 55, 59, 849 P.2d 1012, 1014. The District Court, in accordance with the Montana Child Support Guidelines, calculated Henry's support obligation on the basis of gross income which did not include retirement contributions, bonuses, savings contributions, or other benefits paid by Henry's employer, as Henry refused to disclose those amounts. The court also found that contrary to the court's order of September 24, 1993, Henry has paid no child support and as of June 27, 1994, Henry was delinquent in the payment of his child support in the amount of $4,180.

In his brief before this Court, Henry attaches a child support determination worksheet in which he calculates that he should pay Vickie a total of $28.83 per child per month. This worksheet is dated October 15, 1994--two months after the District Court entered its final decree on August 15, 1994. Henry's October 1994 calculations are not part of the record on appeal and will not be considered by this Court, Jerome v. Jerome (1978), 175 Mont. 429, 431, 574 P.2d 997, 998, even considering that Henry is proceeding pro se. We conclude that the child support determination is supported by the record on appeal, including income tax returns for both parties for the years 1990 through 1993. There was no abuse of discretion in the District Court's application of the child support guidelines.

5

3. Did the District Court equitably divide the marital assets?

The District Court awarded Vickie the following: (I) family home valued at $18,000; (2) personal property items in her possession including the retirement account and bonds in her name, accounts which she has established since the parties' separation; and (3) the 1989 Ford Tempo.

Henry was awarded: (1) the rental property valued at $5,250; and (2) the personal property items in his possession, including retirement accounts in his name, the bonds in his name, all accounts, including his employer-paid retirement account, which had been established in his name since the parties' separation, the boat, the boat trailer, boat motor, flatbed trailer, antique cars, guns, and the 1985 Ford 4 x 4 with topper. Henry claims that Vickie received more than one-half of the marital estate and he believes he is entitled to compensation.

In reviewing a distribution of marital assets, we are guided by the following two principles: First, "an equitable distribution is not necessarily an equal distribution." In re Marriage of Scott (1992), 254 Mont. 81, 87, 835 P.2d 710, 714. Second, the district court's division of property will be overturned only if its findings are clearly erroneous. In re Marriage of Sacry (1992), 253 Mont. 378, 384, 833 P.2d 1035, 1039. In the case at hand, we find that there was substantial credible evidence in the record which supports the District Court's division of the marital assets. In valuing the parties' home, the court relied upon an appraisal made by a local bank employee who is in the business of lending

6

money on real property in the Culbertson area and has current knowledge of local property values. The bank employee also appraised the parties' rental unit at $5,250. The court also relied on figures presented by a local realtor who stated a price range of $17,500 to $28,000 for the parties' residential property and a range of $4,900 to $8,500 for the rental unit. Henry presented no appraisals of either of the properties and relied solely on his personal valuations. Vickie also presented valuations of personal property from individuals in the business of buying and selling similar items of personal property. The District Court found these valuations to be both reasonable and credible. The District Court rejected Henry's claim that Vickie had hidden other assets, finding that Vickie's testimony concerning complete disclosure was credible.

The district court is free to adopt any reasonable valuation of marital property which is supported by the record. In re Marriage of Luisi (1988), 232 Mont. 243, 247, 756 P.2d 456, 459. We conclude that the District Court's distribution of marital property is supported by substantial credible evidence in the record and that the District Court's findings are not clearly erroneous.

4. Was Henry denied a fair hearing in the District Court dissolution proceeding?

Henry has alleged bias by the court, perjury by Vickie, perjury by Vickie's counsel and that Vickie's counsel used her "personal relationship" with the District Court Judge to have ex

7

parte **meetings** for the purpose of apprising the Judge of "false information."  This Court finds that there is **no merit** to Henry's allegations of lying,  perjury and biased treatment.  On the contrary,  the record indicates that the District Court was very lenient in allowing Henry to proceed, pro se, in a manner which was very abusive of Vickie as well as her counsel.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week,  State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

March 7, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Henry 0. Snedigar
917 N. 6th St.
Payette, ID 83661

Carol Johns
Attorney at Law
P.O. Box 995
Wolf Point, MT 59201

Hon. M. James Sorte
Roosevelt County Courthouse
P.O. Box 978
Wolf Point, MT 59201

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallegher_
Deputy